(95 South. 424)

No. 23699.

## NABORS et al. v. ALBRITTON.

(Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Boundaries** ☜═36(5) — **Procès verbal of survey based on official survey under which all parties claim admissible.**

Where all parties to a boundary dispute claimed by virtue of titles from the state founded upon a certain official survey, the procès verbal of a survey made by other surveyors who based it upon the official survey, and merely involving the relocation of the common boundary, was properly admitted.

2. **Boundaries** ☜═37(3)—**Evidence insufficient to show discrepancy between plat and survey of official surveyor.**

In a boundary suit between parties claiming under titles derived from the state, evidence *held* insufficient to show any discrepancy between the plat and survey of the surveyor who made the official survey for the state.

3. **Boundaries** ☜═54(4)—**Parties claiming under state bound by the official survey made at its instance.**

Where the titles of all parties to a boundary dispute are derived from the state, which acquired title under swamp land grants, they are governed by the official survey made at the instance of and approved by the state.

Appeal from Twelfth Judicial District Court, Parish of DeSoto; John H. Boone, Judge.

Consolidated suit by Mrs. Sallie M. Nabors and others and Dr. W. A. Nabors and others against Alvin R. Albritton. From judgments for plaintiffs, defendant appeals. Affirmed.

Alvin R. Albritton and H. K. Strickland, both of Baton Rouge, for appellant.

Lee & Bell, of Mansfield, for appellees.

ROGERS, J. The two suits consolidated herein are boundary suits. The purpose of each is to establish the common boundary between sections 24 and 25 of township 13 north, range 12 west, DeSoto parish, La.

Plaintiffs in the first of the consolidated suits are the owners of the fractional west half of section 25 and plaintiffs in the second of the consolidated suits are the owners of the east half of section 25, said township and range.

The defendant is the owner of the south half of section 24, said township and range.

Plaintiffs and defendant acquired title, by mesne conveyances, from the state of Louisiana, which, in turn, had acquired the lands from the United States government under the swamp land grants of 1849 and 1850. The lands in question are a portion of what was known originally as the bed of Clear Lake,

and are commonly referred to as "dried lake lands."

Plaintiffs in both of said suits allege:

(1) That the common line or division between the property owned by petitioners and the property owned by the defendant is the section line between sections 24 and 25, township 13, range 12.

(2) That the section line between said sections 24 and 25 was originally established by L. H. Bell, Sr., a licensed surveyor of De-Soto parish, by an official survey made in March of 1904, under commission from the state of Louisiana, and that said section line as so established by the said Bell is the true boundary line dividing property of petitioners from the property of the said defendant.

(3) That, disregarding the survey of the said Bell, said defendant has adopted another and false boundary line between said sections, lying some 346 feet south of the line established by the official survey of the said Bell, has encroached upon and taken possession of and occupied and enjoyed for two years and more a strip of land 346 feet wide and 40 chains long (in each case) lying across the north side of the property of petitioners, and is contending for the ownership of said strip under the claim that the section line between sections 24 and 25 lies 346 feet south of the common boundary of said sections as established by the said Bell under said official survey.

(4) That it is necessary, therefore, that a judicial fixing of said boundary line between said sections be made in the manner prescribed by law, in order that the common boundary line between the properties of plaintiffs and defendant may be definitely ascertained and fixed.

In addition to the averments above referred to, plaintiffs in the latter of the consolidated suits allege that, under an oil and gas lease executed by the defendant to the Producers' Oil Company, and by it assigned to the Texas Oil Company, covering defendant's land in the south half of section 24, the said Texas Company has drilled wells upon the strip of land in controversy across the north end of the northeast quarter of section 25, which said wells are producing oil, and that petitioners are entitled to a royalty on one eighth of all the oil taken from said wells, which said one-eighth royalty is worth the sum of $5,000 or more.

The defendant, in his answer, admits his ownership of the south half of section 24, and that he acquired said land under mesne conveyances from the state of Louisiana, but he contends that the line as established by him as the boundary line between said sections is correctly established, and, if not correctly established, that the strip of land lying between said line as established by him and the boundary line contended for by plaintiffs is the property of the state of Louisiana.

Prior to the trial of the case the state of Louisiana, through the Attorney General, intervened in said suits and claimed said strips to be the property of the intervener, but upon the trial of the causes the state entered a voluntary nonsuit of its intervention, and as a result of said nonsuit was eliminated from the litigation.

The judgment of the lower court was for plaintiffs in each of the consolidated cases, fixing the common boundary between sections 24 and 25, said township and range, as originally established by L. H. Bell, Sr., under official survey made in 1904, and decreeing plaintiffs to be the owners of the strip of land in controversy, and further decreeing that the plaintiffs in the latter of the consolidated suits recover from the defendants, Albritton and the Texas Company, the sum of $1,441.55 as the value of one-eighth of the oil produced from wells upon the lands of plaintiff drilled by said oil company under lease from said Albritton.

From these judgments defendant Albritton prosecutes this appeal.

It is admitted by all parties that their re-

spective titles rest upon patents issued by the state of Louisiana. These patents were predicated upon the official survey made by L. H. Bell, Sr., parish surveyor for DeSoto parish, in March of 1904, under and by virtue of a contract with the state of Louisiana.

The issue herein is as to the location of the common boundary between sections 24 and 25 as fixed by the Bell survey. Defendant contends for a boundary established by Mr. Simpson, a surveyor employed by the Texas Company, one of the defendants, while the plaintiffs claim that the Simpson boundary line lies some 300 feet south of the boundary line as officially established by Mr. Bell.

It appears from the evidence that Mr. Simpson established his boundary line without reference to the field notes of Mr. Bell, arbitrarily locating the southwest corner of section 23 of the township and range, as fixed by the United States government survey, and by projecting the south line of said section east arbitrarily fixed a common boundary line to divide sections 24 and 25.

Two licensed surveyors, Mr. C. M. Robinson and Mr. E. E. Scott, were appointed by the court to survey the common boundary between the estates of the plaintiffs and the defendant and to establish the same and report thereon in writing according to law.

In making their survey, Messrs. Robinson and Scott used a certified copy of the official survey made by Bell, which had been obtained from the office of the board of state engineers.

The procès verbal of said survey as made by said surveyors in each of the suits when offered in evidence therein was objected to by counsel for defendants for the reason stated in the objections.

[1] As all parties are claiming by virtue of titles issued by the state of Louisiana founded upon the Bell survey, and, as the work of Messrs. Robinson and Scott was based upon said survey, and merely involved the relocation in accordance therewith of the common boundary between the lands of the plaintiffs and of the defendant, the testimony was properly admitted.

The evidence shows that the surveyors appointed by the court were able to follow the Bell survey without difficulty, and that all of his marks, bearing trees, etc., shown upon the procès verbal were preserved, plainly distinguishable and easily located.

[2] Defendant lays considerable stress upon an alleged discrepancy between the plat of Mr. Bell and the survey made by him, and contends, in view of this discrepancy, the plat should govern, and is to be referred to for a determination of the rights of the parties.

The evidence fails to support this contention of defendant. On this point Mr. Robinson, one of the surveyors appointed by the court, testifies as follows:

"Q. Did you discover any difference between his procès verbal as filed in evidence and the map?

"A. No material difference.

"Q. The map then corresponds with his procès verbal?

"A. Yes, sir."

This testimony is corroborated by Mr. Scott, the other surveyor appointed by the court, as follows:

"Q. You had no trouble in establishing these various section corners as established by him (Mr. Bell)?

"A. None whatever.

"Q. And his line as run over this lake corresponds with his procès verbal doesn't it?

"A. Yes, sir."

Mr. L. H. Bell, Jr., testified to the same effect; after deposing that his father, L. H. Bell, Sr., is dead, and that he had assisted him in preparing the map, the field notes, and the procès verbal of this survey, 'he further testified that the map was made to conform to the field notes and the procès verbal of the survey which was made by his father.

[3] As the titles of all the parties here-

in come out of the state of Louisiana they must be governed by the official survey made at the instance and approved by their common author.

"Where the lines of a survey have been run and can be found they constitute the true boundaries which must not be departed from or made to yield to in less certain and definite matter of description or identity. As has been said, these are the official footsteps of the surveyor, and are, therefore, the highest and best evidence of the true location, and must be followed." 9 C. J. p. 174.

The line established by the survey of Mr. Bell, as relocated by Messrs. Robinson and Scott, is therefore the true and correct boundary line between the lands of plaintiffs and the defendant involved herein.

For the reasons assigned the judgments herein appealed from are affirmed, at appellant's cost.